**Akbar Amirali RAJWANI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.***

No. 02–72478.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.**

Decided Oct. 22, 2004.

---

* The Court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM ***

Akbar Amirali Rajwani, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review an adverse credibility finding for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Rajwani's testimony was inconsistent with his application concerning, *inter alia*, the reason he applied for asylum and whether or not he was arrested, detained, or interrogated. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152 (9th Cir.1999). Because the IJ had reason to question Rajwani's credibility, he could properly require corroborating evidence, and Rajwani has not shown that the evidence in this case compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi*, 336 F.3d at 993; *Chebchoub v. INS*, 257 F.3d 1038, 1044–45 (9th Cir.2001) (corroborating evidence from close relatives in western Europe and from individuals in the United States should be "easily available").

Because Rajwani failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Rajwani's claim that the IJ was biased lacks merit because he fails to demonstrate that he suffered any prejudice as a result of the alleged bias. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir.1991).

Rajwani's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.

2003). The panel need not consider separately whether the BIA erred by streamlining petitioner's case because substantial evidence supports the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

Because there is no petition for review of Rajwani's motion to reopen pending in this court, we decline to address the issues raised in the motion to reopen and argued in the opening brief here. *See Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that Congress "envisioned two separate petitions filed to review two separate final orders"); 8 U.S.C. § 1105a(a)(6) (regarding consolidation of petitions for review of deportation orders and orders denying reopening).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Rajwani's voluntary departure period will begin to run on the issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**